**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3199
_____

UNITED STATES OF AMERICA

v.

MIGUEL ANGEL ROSARIO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 1-11-cr-00076-002)
District Judge: Honorable John E. Jones, III

_____

Submitted under Third Circuit LAR 34.1(a)
March 16, 2015

Before:  RENDELL, FUENTES and BARRY, <u>Circuit Judges</u>

(Opinion filed: March 16, 2015)

_____

O P I N I O N[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL,** <u>Circuit Judge</u>

Appellant Miguel Angel Rosario appeals his 154-month prison sentence, which was imposed when he pled guilty to: one count of bank robbery in violation of 18 U.S.C. § 2113(a); one count of armed bank robbery in violation of § 2113(a) & (d); and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Rosario argues that his sentence is substantively unreasonable because it is disproportionate to his codefendants' sentences. We will affirm.

## I. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. When reviewing a sentence on appeal, we first determine whether the sentencing court committed a serious procedural error.[1] *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Next, we "review the substantive reasonableness of [a] sentence under an abuse-of-discretion standard," and "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable . . . we must affirm." *Id.*

## II. Discussion

The burden is on the criminal defendant to prove that his sentence is substantively unreasonable, *United States v. Parker*, 462 F.3d 273, 276 (3d Cir. 2006), and Rosario has failed to meet his burden here. Section 3553(a) provides that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

---

[1] Rosario makes no claim of a procedural error.

2

found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In *Parker*, we provided a thorough analysis of § 3553(a)(6). *Parker* explains that "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." 462 F.3d at 277. "Therefore, a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *Id.*

However, *Parker* acknowledges that, "[a]lthough § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so." *Id.* "Where appropriate to the circumstances of a given case, a sentencing court *may* reasonably consider sentencing disparity of co-defendants in its application of those [§ 3553] factors." *Id.* at 278 (emphasis added). For the comparison to be relevant, the codefendants naturally must be "similarly situated." *Id.* If one codefendant has "a far less extensive criminal record" or "assisted in convicting his co-defendants," then the comparison is not relevant. *Id.*

In sentencing Rosario, the District Court opted to account for the sentencing disparity between Rosario and his "cohorts and codefendants"—i.e., ten other individuals who were also involved in the same and/or related robberies:

> As to the sixth [§ 3553] factor, I want to speak to that because I think it needs to be addressed in the sense that we must avoid unwarranted sentencing disparities. . . . It's my considered judgment that your culpability falls in the middle range of some of your cohorts and codefendants, and I'm going to sentence you in a way that is consistent with that, understanding that to the extent that I can't completely avoid a disparity that some of that is triggered by the fact that you engaged in gun play and brandished a gun, which bought you a considerably higher sentence under the circumstances because of the provisions of the statute.

3

> So as I look at this I'm willing to go to the bottom of the advisory guideline range in this case. . . . I do think that under the circumstances that the guidelines have it right in this case, and I can't see any compelling reason to vary from the advisory guidelines.

(App. 232-33.)  The District Court's decision to sentence Rosario to the bottom of the Guidelines range in order to mitigate some of the disparity in sentencing that would have otherwise resulted was not an abuse of discretion.  Rosario wishes for us to look purely at the number of robberies each codefendant committed and compare the sentence received, but the Guidelines care about more than just the number of robberies committed. Rosario's codefendants did not all face the same charges, and they had different criminal histories.  Rosario has not shown that he is similarly situated to any of his codefendants with respect to the factors relevant to sentencing, and he has failed to establish that the District Court abused its discretion.

### III. Conclusion

Accordingly, we will affirm the District Court's sentencing order.

4